## G. B. GLAVE
*vs.*
## LAMAR BUTLER, ET AL.

Superior Court          Fairfield County          File No. 53955

MEMORANDUM FILED JANUARY 3, 1940.

*Frank Rich,* of Stamford, for the Plaintiff.

*Cressy, Bartram, Melvin & Sherwood,* of Stamford, for the Defendants.

ELLS, J.  The plaintiff, a real estate broker, is suing for a commission he claims he legally earned in bringing about the sale of defendants' real estate.

The plaintiff admittedly produced a ready, able and willing buyer after extended negotiations, and the sale was ready for consummation when complications developed over certain restrictions.  During the trial there was a dispute about another parcel, one acre, but that is settled in plaintiff's favor by exhibits culminating in Exhibit F.

There was an honest misunderstanding concerning the restrictions.  The defendants at first thought the entire tract was subject to a $10,000 building restriction, and upon discovering that there were higher amounts attaching to portions of the property, endeavored to secure releases.  The governing fact is that in writing they told the plaintiff as follows: "Sale will be subject to such restrictions, if any, as Judge James E. Brinckerhoff may consider as still applying to said tract."  It is probable the verbal agreements were to the same effect.  At no time did the defendants promise they would remove the objectionable ones.  They undertook to do what they could toward releasing them.  The significant fact about Mr. Nichols' deposition is that he does not say Mr. Butler agreed to remove them, but merely: "I don't think the restrictions will be enforced."

I conclude the plaintiff did not produce a customer willing to buy on the terms offered by the defendants.

Judgment is for the defendants.